## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CUELLAR and ELISSA LAPPAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>GRIFFIN ALEXANDER, P.C., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, MICHAEL CUELLAR and ELISSA LAPPAS, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs") by and through their undersigned attorney, alleges against the above-named Defendants, GRIFFIN ALEXANDER, P.C., ("GRIFFIN"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff, MICHAEL CUELLAR is a natural person and a resident of Essex County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff, ELISSA LAPPAS is a natural person and a resident of Essex County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     GRIFFIN maintains a location at 415 Route 10, 2nd Floor, Randolph, NJ 07869.

9.     Upon information and belief, GRIFFIN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    GRIFFIN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12.    Plaintiffs bring this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of themselves and all New Jersey consumers and their successors in interest (the "Class"), who were sent initial debt

collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent initial letters and/or notices from GRIFFIN ALEXANDER, PC, between November 19, 2018 and November 19, 2019, concerning a debt owed to another, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

- <u>The class definition may be subsequently modified or refined</u>.

- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiffs are complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.      Whether the Defendant violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

b.      Whether Plaintiffs and the Class have been injured by the Defendants' conduct;

c.      Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiffs have no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiffs will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiffs are at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On or before October 28,. 2019, Plaintiff allegedly incurred a financial obligation to Cenrose Hilltop Unban Renewal II, LLC d/b/a The Highlands at Hilltop ("CENROSE").

16.    The CENROSE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

17.    The CENROSE obligation arose out of the personal use of a residential rental apartment.

18.    The CENROSE obligation did not arise out of a commercial transaction.

19.    The CENROSE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    The CENROSE obligation is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    On or before October 28, 2019, the The CENROSE obligation obligation was assigned to GRIFFIN for the purpose of collection.

22.    At the time The CENROSE obligation obligation was to GRIFFIN, the obligation was in default.

23.    GRIFFIN caused to be delivered to Plaintiffs a letter dated October 28, 2019, which was addressed to Plaintiffs.  A copy of said letter is annexed hereto as **Exhibit A.**

24.    The October 28, 2019 letter was sent to Plaintiff in connection with the collection of the CENROSE obligation.

25.    The March 28, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.    Upon receipt, Plaintiffs read the October 28, 2019 letter.

27.    The October 28, 2019 letter stated in part:

### NOTICE REQUIRED BY THE
### FAIR DEBT COLLECTION
### PRACTICES ACT, (the act),
### 15 U.S.C. SECTION 1692, et al, as Amended

1.    The amount of the debt is stated in the attached letter.

2.    The Landlord named in the attached letter is the creditor to whom the debt is owed.

3.    The debt described in the letter attached hereto will be assumed to be valid by the *creditor*, unless a debtor, within thirty days after receipt of this notice, disputes in writing, the validity of the debt orsome portion thereof.

4.    If a debtor notifies the *creditor* in writing within thirty days of

the receipt of this notice that the debt or portion thereof is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the *creditor*.

5.      If the creditor who is named in the attached letter is not the original creditor, and if the debtor makes written requests to the *creditor* within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the *creditor*.

6.      Written requests should be addressed to Griffin Alexander, P.C., 415 Route 10, 2nd Floor, Randolph, New Jersey 07869.

7.      The *creditor* is attempting to collect a debt and information obtained will be used for that purpose. [emphasis added].

**WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

28.     Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---

(3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the *debt collector* ---

(4) a statement that if the consumer notifies the *debt collector* in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the *debt*

*collector* will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the *debt collector*; and ---

(5) a statement that, upon the consumer's written request within the thirty-day period, the *debt collector* will provide the consumer with the name and address of the original creditor, if different from the current creditor. [emphasis added].

29.    GRIFFIN knew or should have known that its actions violated the FDCPA.

30.    GRIFFIN could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

31.    It is GRIFFIN's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

> (b)    Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g *et seq*.

32.    On information and belief, griffin sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

33.    Plaintiffs, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

34.    Collection letters and/or notices, such as those sent by GRIFFIN, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35.    The October 28, 2019 letter fails to properly inform the least sophisticated consumer that to effectively prevent the debtor collector from assuming the debt to be valid, such dispute must be made to the debt collector.

36.    GRIFFIN violated 15 U.S.C. §1692g(a)(3), by sending the October 28, 2019 letter to Plaintiffs, which failed to provide notice informing Plaintiffs that unless they disputed the debt or any portion thereof, within thirty days of receipt of the letter, that the debt would be assumed valid by the debt collect, GRIFFIN.

37.    The October 28, 2019 letter fails to properly inform the least sophisticated consumer that to obtain verification of the debt, Plaintiff must dispute the debt with the debt collector.

38.    GRIFFIN violated 15 U.S.C. §1692g(a)(4), by sending the October 28, 2019 letter to Plaintiffs, which incorrectly instructs Plaintiffs to send a writing dispute to the creditor in order to obtain verification of the debt.

39.    The October 28, 2019 letter fails to properly inform the least sophisticated consumer that if the name of the creditor listed in the letter is different from the original creditor, that upon written request the debtor will obtain the name and address of the original creditor and mail it the consumer.

40.    GRIFFIN violated 15 U.S.C. §1692g(a)(5), by sending the October 28, 2019 letter to Plaintiffs, which incorrectly instructs the least sophisticated consumer to request the name and address of the original creditor from the current creditor, when in fact such request must be made to the debtor collector, GRIFFIN.

41.    GRIFFIN violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiffs into believing that if they wished to dispute the alleged debt or any portion thereof, they must register such dispute the with the creditor, when in fact such dispute must be registered with the debt collector, GRIFFIN.

42.    GRIFFIN violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiffs into believing that if they wished to obtain verification of the debt, they must make such request such with the creditor, when in fact such request must be made to the debt collector, GRIFFIN.

43.    GRIFFIN violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiffs into believing that if they wished to obtain the name and address of the original creditor, they must make such request such with the creditor, when in fact such request must be made to the debt collector,  GRIFFIN.

44.    The October 28, 2019 letter is misleading because the instructions can be read to have two or more meaning, which at least one is inaccurate:

        a.  that unless the debt is disputed within thirty of receipt of the letter, the debt would be assumed to be valid only by the creditor; or

        b.  that unless the debt is disputed within thirty of receipt of the letter, the debt would be assumed to be valid by the GRIFFIN; or

        c.  that unless the debt is disputed within thirty of receipt of the letter, the debt would be assumed to be valid by the creditor and GRIFFIN.

45.    The October 28, 2019 letter is misleading because the instructions can be read to have two or more meaning, which at least one is inaccurate:

    a.  In order to obtain verification of the debt, Plaintiffs must dispute the debt in writing with the creditor; or

    b.  In order to obtain verification of the debt, Plaintiffs must dispute the debt in writing with the debtor collector, GRIFFIN, or

    c.  In order to obtain verification of the debt, Plaintiffs must dispute the debt in writing with the credit and the debtor collector, GRIFFIN.

46.    The October 28, 2019 letter is misleading because the instructions can be read to have two or more meaning, which at least one is inaccurate:

    a.  In order to obtain the name and address of the original creditor of the debt, Plaintiffs must make a request in writing with the creditor; or

    b.  In order to obtain the name and address of the original creditor of the debt, Plaintiffs must make a request in writing with the debt collector, GRIFFIN; or

    c.  In order to obtain the name and address of the original creditor of the debt, Plaintiffs must make a request in writing with the creditor and the debt collector, GRIFFIN.

47.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

48.    Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

49.    Plaintiffs and others similarly situated have a right to receive proper notices mandated by the FDCPA.

50.    Plaintiffs and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

51.    Plaintiffs and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

52.    Plaintiffs has suffered damages and other harm as a direct result of GRIFFIN's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against defendants, as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 20, 2019

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.


## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to

my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration

or administrative proceeding.

Dated: November 20, 2019

<u>*/s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.

# Exhibit

# A

# Griffin **ga** Alexander          *Attorneys at Law*

Robert C. Griffin †

Jennifer L. Alexander †

Stephanie Wiegand †

Swarna Ramakrishnan***

Vanessa E. Peña***

Glenford W. Warmington***

Gabriella Esposito*

Suzanne L. Reilly**

Logan R. D. Stagnitto*

Charu Mehta*

OF COUNSEL
James B. Griffin ◊

*Member: NJ Bar
**Member: NY Bar
***Member: NJ & NY Bar
◊Member: NJ & PA Bar
†Member: NJ, NY & PA Bar

REPLY TO:
415 Route 10, 2ⁿᵈ Floor
Randolph, New Jersey 07869
www.lawgapc.com
Phone: 973.366.1188
Fax: 973.366.4848
attorneys@lawgapc.com

197 Route 18 South
Suite 3000, South Wing
East Brunswick, NJ 08816
Phone: 732.514.6601

309 Fellowship Road
East Gate Center, Suite 200
Mount Laurel, NJ 08054
Phone: 856.533.2379

11 Broadway, Suite 615
New York, New York 10004
Phone: 212.374.9790
Fax: 646.998.8029

October 28, 2019

***VIA CERTIFIED and REGULAR MAIL***
Michael Cuellar & Elissa Lappas
███████████████████

RE:    **Cenrose Hilltop Urban Renewal II, L.L.C. d/b/a**
       ██████████████████████████

       **Our File No.: E- 442**

Dear Residents:

I represent the Cenrose Hilltop Urban Renewal II, L.L.C. d/b/a The Highlands at Hilltop. My client has informed me of the water leak that occurred, on October 5, 2019, in your former apartment. Specifically, it was reported that you supplied and installed a kitchen faucet and a water filtration system attached to your kitchen faucet. The filtration system was determined to be the cause of the leak. As a result of the leak, you caused damage to your former apartment and Apartment 3112. The damages to your apartment and Apartment 3112,totaled $628.00. This is a direct result of your negligence.

Pursuant to your Lease Agreement, Section 17, you will be responsible for remitting payment in full for the costs of these repairs.  Specifically, this section states:

> "…Notwithstanding the foregoing, the Resident must pay the full cost of all repairs, replacements and damages caused by the act or neglect of the Resident, the Resident's household members, family, guests, domestic employees, contractors (if consented by Owner), agents, visitors, licenses and invitees. If there is damage to the Apartment by fire, water, organic (e.g.: mold or bacteria) or other hazard, or in the evet of permanent damage. Your failure to notify us of any such damage in a timely manner will waive your rights to claim against us and you agree to hold us harmless, for any damage to you or your possessions which result thereby."

Please also note you will be responsible for remitting payment, pursuant to your Lease Agreement, Section 42, which states:

**WE ARE A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

RE:    **Cenrose Hilltop Urban Renewal II, L.L.C. d/b/a**
       **The Highlands at Hilltop**
       ████████████████████
       **Our File No.: E- 442**
       **Page -2-**

"…Resident shall be liable to Owner for damage caused by Resident, the other occupants and Resident(s) guests or invitees. Resident must promptly reimburse Owner for loss, damage, or cost of repairs or service caused anywhere in the Apartment or Community by Resident, the other occupants or Resident(s) guest or invitees improper use or negligence. Resident is liable for all damages and the expenses of repair or replacement to the Premises and to any other part of Owner's property (whether common areas or premises leased to other parties) where such damage is the result of intentional or negligent acts or omissions. The Resident his family, guests, invitees or agents, including , but not limited to, shall be responsible for all damages and costs resulting from "accidents" which occur on the Premises and "accidents" which originate in the Premises and which result in damage not only to the Premises but to other portions of Owner's property, unless such damage has been caused by normal wear and tear or standard deterioration of said facility or has been caused by Owner. Residents, occupants, guests, agents, employees, visitors, licensees and invitees must give immediate notice to the Owner of any accident or any injury to any person, or of any damage to the Apartment or furnishings. Owner will make such repairs or replacements and any sums so expended by the Owner shall be deemed owing by the Resident to the Owner as Additional Rent and payable immediately. Owner may require payment at any time, including advance payment, for repairs for which Resident is liable. Any delay in Owner(s) demanding reimbursement is not a waiver of such right."

The damage has been found to be caused by a water filtration system that you installed and attached to a kitchen faucet that you also installed. As the damage was caused by the faucet and filtration system you installed, it is your responsibility to reimburse my client for the cost to remediate the damages. Payment must be remitted to my client on or before December 1, 2019. My client reserves its right to proceed with all rights and remedies afforded to it to obtain the monies owed including, but not limited to, legal action. Please be guided accordingly.

Should you have any further questions, please do not hesitate to contact my office.

**WE ARE A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



*Attorneys at Law*

2:19-cv-20529-ESK    Document 1    Filed 11/20/19    Page 17 of 18 PageID: 17

RE:    **Cenrose Hilltop Urban Renewal II, L.L.C. d/b/a
The Highlands at Hilltop**

████████████████████

**Our File No.: E- 442**
**Page -3-**

Very truly yours,
**GRIFFIN ALEXANDER, P.C.**

**Jennifer L. Alexander, Esq.**

JLA/ds
cc:    The Highlands at Hilltop

**WE ARE A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT
A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.**

Griffin **ga** Alexander P.C.    *Attorneys at Law*

RE:   **Cenrose Hilltop Urban Renewal II, L.L.C. d/b/a**
      **The Highlands at Hilltop**
      ████████████████████████

**Our File No.: E- 442**
**Page -4-**

## NOTICE REQUIRED BY THE
## FAIR DEBT COLLECTION
## PRACTICES ACT, (the act),
## 15 U.S.C. SECTION 1692, et al, as Amended

1.  The amount of the debt is stated in the attached letter.

2.  The Landlord named in the attached letter is the creditor to whom the debt is owed.

3.  The debt described in the letter attached hereto will be assumed to be valid by the creditor, unless a debtor, within thirty days after receipt of this notice, disputes in writing, the validity of the debt or some portion thereof.

4.  If a debtor notifies the creditor in writing within thirty days of the receipt of this notice that the debt or portion thereof is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor.

5.  If the creditor who is named in the attached letter is not the original creditor, and if the debtor makes written requests to the creditor within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor.

6.  Written requests should be addressed to Griffin Alexander, P.C., 415 Route 10, 2nd Floor, Randolph, New Jersey 07869.

7.  The creditor is attempting to collect a debt and information obtained will be used for that purpose.

**WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 *Attorneys at Law*